# United States Court of Appeals
## For the First Circuit

No. 17-8009

MICHELLE CARTER; JONATHAN CESSNA; ALICIA GENTILE; SONIA HERRERA; JENNY MARAZZI; MEGAN PETERSON; SVEN P. VOGTLAND; DAVID WALLS; KRISTINA PEARSON; ERIC TERRELL; ELIZABETH POYNTER; ERIC CAPDEVILLE

Plaintiffs, Respondents,

MICHAEL FEUER; MARTIN HOMMEL; KAMI RALEIGH; BRIDGET BECNEL DELIVORIAS; KAREN FINNEY; AMANI EL-JANDALI; MARVIN CATALAN,

Plaintiffs,

v.

THE DIAL CORPORATION, a/k/a, Dial Corporation, a/k/a, The Dial Corporation, Inc.,

Defendant, Petitioner,

HENKEL CONSUMER GOODS, INC.,

Defendant.

Before

Torruella, Thompson, and Kayatta,
Circuit Judges.

**JUDGMENT**
Entered: July 31, 2017

Pursuant to Fed. R. Civ. P. 23(f), the defendant-petitioner seeks leave from this court to appeal the district court's grant of class certification in the underlying multidistrict litigation. As an initial matter, the defendant-petitioner's motion for leave to file a reply is granted. The tendered reply is accepted for filing and has been considered by the court. Having carefully considered the parties' filings and relevant portions of the record, we conclude that the requirements for interlocutory review have not been met here. See Waste Mgmt. Holdings, Inc. v. Mowbray, 208 F.3d 288, 293-94 (1st Cir. 2000) (setting out factors to be considered when deciding whether to allow review pursuant to Rule 23(f)). Specifically, we conclude that the defendant-petitioner has

failed to demonstrate that the district court's Rule 23 analysis is sufficiently "questionable" to warrant immediate review. Id. at 293. Accordingly, the petition for leave to appeal is denied.

**KAYATTA**, **Circuit Judge, dissenting from denial of petition for permission to appeal**. Two years ago, a divided panel of this court proposed sua sponte that plaintiffs could use consumer affidavits to establish injury at the liability stage of a Rule 23(b)(3) class action. See In re Nexium Antitrust Litig., 777 F.3d 9, 20 (1st Cir. 2015). On the basis of this judicially crafted mechanism for separating injured class members from uninjured ones, the Nexium majority upheld the certification of a class that potentially included tens of thousands of uninjured persons. See id. at 32. For a variety of reasons, the Nexium majority's proposal struck me as a bad idea. In particular, allowing plaintiffs to carry their burdens of proof on the question of injury by filing hundreds of thousands of affidavits meant either that the defendant would have no practical ability to challenge the affidavits, or that the class action would become unmanageable. See id. at 33–35 (Kayatta, J., dissenting).

The affidavit proposal was never implemented in Nexium, as the case was tried by a jury before the panel perhaps unnecessarily issued its opinion. Here, however, in a consumer class action challenging representations made by the defendant as to the antibacterial properties of its soap, the district court has ruled that the fact that a particular person has even bought the soap can be established through the submission of an affidavit so stating. See In re Dial Complete Mktg. & Sales Practices Litig., 312 F.R.D. 36, 52 (D.N.H. 2015). In a case involving an individual consumer, the defendant could easily challenge such a claim, and a jury would decide whether the individual claimant was being truthful. I have trouble seeing how the same can be accomplished in this case, which, like Nexium, involves potentially hundreds of thousands of claimants. Absent any explanation from the district court as to how it will resolve that mystery in a manner that is not only "consistent with defendants' Seventh Amendment and due process rights," see Nexium, 777 F.3d at 14 (majority opinion), but also manageable within the meaning of Rule 23(b)(3), see Fed. R. Civ. P. 23(b)(3)(D), I believe that class certification was at best premature.

Sooner or later, this court will have to wrestle with the issues raised by the district court's approach, which follows the approach established sua sponte by the majority in Nexium Otherwise, the casual reliance on "say-so" affidavits without any analysis of whether and how the assertions in such affidavits might be reasonably challenged will eventually eliminate the requirements of Rule 23(b)(3) and turn courts into claims administrators who pay no heed to the guarantees of the Seventh Amendment. Because the instant case provides us with the opportunity to weigh in with some modicum of rigor before any further mischief can result, I respectfully dissent from the denial of the petition for interlocutory review under Federal Rule of Civil Procedure 23(f).

By the Court:
/s/ Margaret Carter, Clerk

cc:
Hon. Steven J. McAuliffe
Daniel Lynch, Clerk, United States District Court for the District of New Hampshire

Lucy J. Karl
Adam J. Levitt
Eric D. Holland
Randall Seth Crompton
Charles E. Schaffer
David C. Rash
Steven Stolze
Jayne A. Goldstein
James C. Shah
Mark J. Geragos
Edward K. O'Brien
Douglas P. Dehler
Richard J. Arsenault
Salvadore Christina Jr.
Joseph J. Siprut
Miriam Leigh Schimmel
Reginald Von Terrell
Sean T. Keith
Robert Harrex Miller
Paul D Clement
Jeffrey Matthew Harris
Eugene F. Assaf Jr.
Edwin John U
Matthew Rowen
John C. Theisen
Tracie Lynn Bryant